**In re Mark W. STEVENS, Debtor.**

**John ENGLAND, Trustee, and Sunbelt Savings, FSB, Appellant,**

v.

**Mark W. STEVENS, Appellee.**

**In re Bruce L. SIRIANI, Debtor.**

**John ENGLAND, Trustee, and Sunbelt Savings, FSB, Appellant,**

v.

**Bruce L. SIRIANI, Appellee.**

**BAP Nos. NC-89-1017 RMeV, NC-89-1018 RMeV.**

**Bankruptcy Nos. 3-87-00291-E-TC, 3-87-00289-E-TC.**

**Adv. Nos. 3-88-0413-LK, 3-88-0422-LK.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 20, 1989.

Decided Aug. 30, 1989.

Lawrence N. Minch, Lillick McHose & Charles, Irving L. Berg, San Francisco, Cal., for appellant.

Leslie A. Burton, Howard Rice, Nemerovsky, Canady, Robertson & Falk, San Francisco, Cal., for appellee.

Before RUSSELL, MEYERS and VOLINN, Bankruptcy Judges.

## AMENDED OPINION

RUSSELL, Bankruptcy Judge:

The bankruptcy court held that appellant could not bring a complaint objecting to the debtor's discharge pursuant to Section 727 during the period starting after the last date to timely file a complaint objecting to discharge under Section 727(a), as set forth in Rule 4004(a), and ending with the date when a discharge was actually entered, after which an action may be brought under Section 727(d) to revoke the discharge.[1] We hold that a party may bring an action under Section 727(d) during that period, as if a discharge had been entered. Debtors should not enjoy a period of immunity from conduct that would otherwise be actionable, simply because the Bankruptcy Rules do not address the situation that occurred here, where a discharge is not entered "forthwith" upon the expiration of the Rule 4004(a) period.

We reverse and remand.

## I. FACTS

Debtor Mark W. Stevens[2] was the president of Vesteq Financial Corp. Stevens, Vesteq, and various subsidiaries, affiliates

---

**1.** All citations are to Title 11, U.S.C., or to the Bankruptcy Rules, as appropriate, unless otherwise noted.

**2.** The facts for the Bruce L. Siriani case are virtually identical to those for the Stevens case. In the court below, the parties stipulated that the same ruling would apply to Siriani, and only Stevens was argued. Although the appeal is a joint appeal, for ease of discussion, we will only discuss the Stevens case.

and partnerships borrowed over $200 million from Western Savings Association and invested the money primarily in real estate partnerships. Appellant Sunbelt Savings, FSB, is the successor to Western Savings Association.

An involuntary petition was filed against the debtor, with an order for relief being entered on February 9, 1987. The court had to order Stevens to file his statement of affairs before he finally complied and filed it on June 24, 1987, the same date on which the meeting of creditors pursuant to Section 341(a) was first set to be held. Chapter 7 Trustee John England held the 341(a) meeting on that day and did not continue it for any additional examination of the debtor, even though Stevens' statement of affairs listed 84 various entities through which the debtor did business.

Pursuant to Rule 4004(a), the last date to timely file a complaint objecting to discharge was August 24, 1987. Cal America Savings & Loan, another of Stevens' creditors, did timely file such a complaint.[3] On September 17, 1987, the court entered the debtor's discharge, but vacated the discharge on its own motion on September 28, 1987, presumably upon discovery of the complaint filed by Cal America.

The trustee filed a Section 727(d) complaint on August 15, 1988, almost 14 months after the 341(a) meeting, to revoke the discharge due to the debtor's failure to fully disclose all his assets. The day after the complaint was filed, it was amended in minor ways that are not relevant here. After that first amendment, a motion to amend was filed jointly by the trustee and by Sunbelt Savings requesting that 1) Sunbelt be added as a plaintiff, 2) the complaint be amended to one under Section 727(a) because no discharge existed to revoke, and 3) additional allegations concerning the concealment of assets by Stevens be allowed to be incorporated.[4] The proposed amended complaint alleged that nei-

ther the trustee nor Sunbelt learned of Stevens' misconduct until after expiration of the Rule 4004(a) period on August 24, 1987.

Stevens opposed the motion for leave to amend, and, in conjunction therewith, filed a motion to dismiss the complaint on November 4, 1988. The motion to dismiss was based on the grounds that no action under either Section 727(a) or Section 727(d) of the Bankruptcy Code could lie, as both were untimely, and that to allow any amendments would be futile when the underlying complaint remained subject to a motion to dismiss for untimeliness.

A hearing was held on the motions on December 9, 1988. The court ruled from the bench, denying the motion to amend and granting the motion to dismiss. The court noted that the rules do not anticipate the situation that occurred here and declined to make a ruling that would fill the gap in the rules. Both the trustee and Sunbelt Savings filed timely notices of appeal.

Appellees have argued that the trustee abandoned its appeal because he did not file any briefs on appeal. However, we grant the trustee's motion, filed on July 19, 1989 to join in the briefs filed by Sunbelt. We can see no prejudice to appellees because the two appellants' positions are the same.

For ease of reference, the relevant dates are summarized:

2/09/87 Order for relief entered against Stevens;

6/24/87 First date set for Section 341(a) meeting of creditors;

8/24/87 Last date to timely file a Section 727(a) complaint;

9/17/87 Order of discharge entered;

9/28/87 Order of discharge vacated on the court's own motion;

8/15/88 Trustee filed Section 727(d) complaint; and

---

**3.** No final order had been entered in Cal America's complaint objecting to discharge, as of the oral argument for this appeal on July 20, 1989.

**4.** The proposed amended complaint objected to Stevens' discharge on the basis of (a) 14 different assets improperly omitted from the Schedules and Statement of Affairs; (b) evasive and

misleading representations concerning the value of his partnership and equity interests in numerous other properties and business entities; (c) acts of perjury committed by Stevens in conjunction with these proceedings; and (d) attempted, improper post-petition transfers.

12/9/88 Hearing on motion to amend and motion to dismiss.

## II. ISSUE

Whether a party [5] is barred from bringing an action under Section 727 objecting to the debtor's discharge on the basis of actionable debtor misconduct that occurred or was first discovered during the period starting with the end of the Rule 4004(a) period and ending with the actual entry of discharge.

## III. STANDARD OF REVIEW

 An order dismissing a complaint without leave to amend is reviewed *de novo*. *Whittington v. Whittington*, 733 F.2d 620, 621 (9th Cir.1984). The appellate court must accept all material allegations of the complaint as true, and all doubts are resolved in favor of the plaintiff. *Preferred Communications, Inc. v. City of Los Angeles, California*, 754 F.2d 1396, 1399 (9th Cir.1985), *aff'd*, 476 U.S. 488, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986). A dismissal cannot be upheld " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Ernest W. Hahn, Inc. v. Codding*, 615 F.2d 830, 834 (9th Cir.1980) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

In addition, "[q]uestions of statutory interpretation are reviewed de novo." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986). *See also Carrico v. Tompkins (In re Tompkins )*, 95 B.R. 722, 723 (9th Cir. BAP 1989).

## IV. DISCUSSION

A. *A Complaint Objecting To Discharge Pursuant To Section 727 May Be Filed After The End Of The Rule 4004(a) Period And Prior To The Entry Of Discharge.*

 The Bankruptcy Appellate Panel recently considered an appeal similar to this one. *In re Dietz*, 94 B.R. 637 (9th Cir. BAP 1988). In that appeal, the trustee filed a complaint objecting to the debtor's discharge. The complaint was filed after the end of the Rule 4004(a) period and before a discharge was granted, *id.* at 639 & n. 2, just as in this appeal. However, in *Dietz*, the trustee brought his complaint under Section 727(a) or, in the alternative, as one under Section 727(d). In addition, no other complaint objecting to Dietz's discharge had been filed, *id.* at 639, whereas in the present appeal a creditor had timely filed a complaint objecting to Stevens' discharge.

Rule 4004(c) provides that a discharge shall be granted "forthwith" upon expiration of the time fixed for filing a complaint objecting to discharge unless, among other reasons, such a complaint is filed. Bankr.R. 4004(c)(2). In Stevens' case in this appeal, where Cal America had filed a Section 727 complaint, it was proper for the court *not* to have entered the discharge or, as it happened, to have vacated the discharge prematurely entered.

In *Dietz*, no explanation was offered as to why a discharge had not been entered by the time that the Section 727 complaint was filed one week after the end of the Rule 4004(a) period. *Id.*, 94 B.R. at 639 & n. 2. A discharge should have been entered by that time. The bankruptcy court deemed the discharge to have been entered "forthwith" at the end of the Rule 4004(a) period and then "revoked" the fictional discharge under Section 727(d). *Dietz*, 94 B.R. at 639 (in the alternative, the court denied the discharge under Section 727(a)). In *Dietz*, we did not address the issue of whether it was proper to have deemed the discharge entered for the purposes of allowing a Section 727 complaint to go forward, because the parties did not appeal that issue. *Id.* at 640 n. 3.

In *Dietz*, the brief period of alleged debtor immunity was most likely created by the

---

**5.** The trustee or a creditor may be a proper party to bring an action under Section 727. 11 U.S.C. § 727(c)(1), (d).

failure of the clerk's office to enter a discharge precisely upon the end of the Rule 4004(a) period. However, in this appeal, Stevens argues that Rule 4004(c)(2) would require that an immunized period exist from the end of the Rule 4004(a) period until the actual entry of a discharge, which would occur, at the earliest, if and when Cal America's complaint were resolved favorably to the debtor.

We disagree. Bankruptcy Rules may not abridge or modify any substantive right, 28 U.S.C. § 2075, such as the rights provided in Section 727. The rights of parties who could otherwise object to alleged debtor misconduct under Section 727, would be unreasonably frustrated, if Rule 4004 were read to create a temporary period where no type of complaint under Section 727 could be brought.[6] We now face the issue of how to allow a party to exercise its rights under Section 727 after the Rule 4004(a) period has passed and before a discharge is actually entered and hold that:

> When a discharge is not entered "forthwith" after the expiration of the Rule 4004(a) period and until a discharge is actually entered, although a complaint objecting to discharge under Section 727(a) would be untimely, a party may properly file a complaint under Section 727(d) to "revoke" the discharge for
>
> 1) conduct occurring prior to the expiration of the Rule 4004(a) period of which the party did not have knowledge in time to file a timely complaint under Section 727(a) due to the fraud of the debtor or
>
> 2) conduct occurring after the expiration of the Rule 4004(a) period.

A complaint brought during the period at issue should be brought under Section 727(d). *See In re Meo*, 84 B.R. 24, 28 (Bankr.M.D.Pa.1988). *Compare Stodd v.*

*Mufti* (*In re Mufti*), 61 B.R. 514, 519 (Bankr.C.D.Cal.1986) (*dicta;* suggesting that Section 727(a) might be appropriate).[7]

Before the end of the Rule 4004(a) period or after a discharge is actually entered, this problematic situation of an "immunized period" for debtor misconduct does not exist and the applicable Code sections and rules will govern objections to discharge. Rule 4004 generally provides the method of implementing Section 727; however, it does not address the situation faced in this appeal. Trustees and creditors should not be denied the substantive right provided by Section 727 to object to a debtor's discharge, simply because the Bankruptcy Rules do not provide any guidance as to the implementation of Section 727 under these circumstances.

> To hold that the trustee was precluded from seeking the revocation of the debtor's discharge because the discharge had not yet been formally entered and at the same time hold that the trustee was precluded from objecting to discharge because the time period under Bankruptcy Rule 4004 had passed, would effectively insulate the debtor from any action seeking to deny the discharge. Such a result is contrary to the purpose of § 727 and accordingly, it appears that the bankruptcy court properly determined that the discharge would be deemed entered on February 15, 1985 [the end of the Rule 4004(a) period], thereby allowing the trustee the opportunity to address any improprieties contemplated by § 727.

*Dietz*, 94 B.R. at 641–42.

We reverse and remand for further proceedings consistent with this opinion. The court below is better situated to decide what the effect is of the various facts peculiar to this case. For example, the

---

**6.** The requirement in Rule 4004(a) that certain complaints under Section 727(a) be brought promptly at the start of a bankruptcy case has been upheld as procedural and not substantive. *Jones v. Hill* (*In re Hill*), 811 F.2d 484, 486–87 (9th Cir.1987). The Ninth Circuit held that part of Rule 4004(a) did not violate 28 U.S.C. Section 2075 because it did not unreasonably frustrate the exercise of the creditor's substantive rights. *Id.* at 487.

**7.** The action we are allowing is actually a hybrid form of action. It is more precisely a complaint under Section 727(a) to deny a discharge, which must also satisfy the standards of Section 727(d) for timeliness. In order to avoid creating a new cause of action, a "Section 727(a/d)," we simply hold that a discharge shall be deemed to be entered, thus allowing a Section 727(d) action to be brought to "revoke" the fictional discharge.

trustee chose not to continue the Section 341(a) meeting, chose not to conduct a Rule 2004 examination, failed to investigate the debtor's affairs for an extended period of time, and filed the complaint on the incorrect assumption that the debtor had received a discharge. On the other hand, this debtor did not file his statement of affairs until forced to by court order, and allegedly did not file an accurate statement of affairs. The current posture of this appeal, arising from a motion to dismiss, requires that we assume that the allegations of the complaint are correct. The actual determination of relevant issues, such as when knowledge of debtor misconduct was or should have been obtained, is a matter for trial or summary judgment.

B. *Appellant Sunbelt Has Standing To Pursue This Appeal.*

Sunbelt was not a party to the first complaint against Stevens. The motion to amend that complaint by adding Sunbelt as a plaintiff was denied and the complaint was dismissed. Stevens asserts that Sunbelt lacks standing to pursue an appeal of the dismissal of a complaint when Sunbelt was not a party to the complaint. Regardless of the arguments as to whether Sunbelt may appeal as a nonparty to the original complaint, it is clear that Sunbelt has standing to appeal from the dismissal of its motion to intervene, which was an alternate remedy sought below in the motion to amend. *See SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 602 n. 1 (9th Cir.1978) (a party may appeal dismissal of a motion to intervene, when intervention was of right). In addition, Sunbelt was a plaintiff in the consolidated appeal of *In re Siriani, see* note 2, and thus has standing to appeal the dismissal of that complaint. Further, we have granted the trustee's motion to join in the briefs of Sunbelt. It is undisputed that the trustee has standing to appeal the dismissal of his complaint.

We REVERSE and REMAND.