In re Susan K. RATKA d/b/a Extra Hands Service Agency and d/b/a Sudden Impact Image Center; and Richard E. Ratka, Jr., Debtors.

FIRST INTERSTATE BANK OF SIOUX CITY and Gary Holst, Plaintiffs,

v.

Susan K. RATKA and Richard E. Ratka, Jr., Defendants.

Bankruptcy No. X90–02006F.
Adv. No. X91–0023F.

United States Bankruptcy Court, N.D. Iowa.

April 26, 1991.

Jeffrey Myers, Sioux City, Iowa, for plaintiffs.

David A. Hoyt, Jefferson, Iowa, for defendants.

## ORDER RE: DEFENDANTS' MOTION TO DISMISS

**WILLIAM L. EDMONDS, Bankruptcy Judge.**

Defendants move to dismiss plaintiffs' complaint. Hearing was held in Fort Dodge, Iowa on April 17, 1991. Susan K. Ratka and Richard E. Ratka, Jr. (DEBTORS) filed a joint voluntary petition under chapter 7. The clerk of court filed and on April 19, 1990 served an "Order for Meeting of Creditors" which notified creditors of the filing, of the date set for the meeting of creditors and of the filing deadline for objections to discharge. The meeting was scheduled for December 17, 1990, and, pursuant to Fed.R.Bankr.P. 4004(a), the deadline for objections was established as February 15, 1991. The clerk served the order on First Interstate Bank of Sioux City (FIRST INTERSTATE) and on Gary Holst (HOLST).[1]

First Interstate and Holst did not seek an extension of time in which to object to debtors' discharge. On February 20, 1991, five days after the deadline, plaintiffs filed their complaint objecting to debtors' discharge. Plaintiffs claim that debtors' prepetition and post-petition conduct warrant denial of discharge. The post-petition acts were described as follows:

5. That the Debtors ... have concealed property of the estate after filing the Petition herein and even after filing an Amendment to Schedules.

\* \* \* \* \* \*

7. That the Debtors have knowingly and fraudulently, made false oath and withheld from the Trustee information important to a determination of their property and financial affairs.

In paragraph 6 of the complaint, plaintiffs allege also that the debtors "have concealed, destroyed, falsified or failed to keep or preserve recorded information from which the Debtors' financial condition or business transactions might be ascertained." This allegation fails to state whether this activity was pre-petition, post-petition or both.

Defendants move to dismiss on two grounds. First, debtors contend that the complaint should be dismissed as untimely. Second, defendants contend that as plaintiffs merely repeat statutory language, they have failed to plead fraud with the particularity required by Fed.R.Bankr.P. 7009 which incorporates Fed.R.Civ.P. 9(b).

### TIMELINESS

Paragraph 5 of plaintiffs' complaint is based on 11 U.S.C. § 727(a)(2).[2] Paragraph 6 is based on § 727(a)(3), and paragraph 7 is based on § 727(a)(4)(A) and (D). The language of these Code sections makes clear that an objection to discharge can be grounded on wrongful activity of the debtor which takes place either before or after the bankruptcy filing.

In a chapter 7 case, objections to discharge under § 727(a) must be filed within 60 days after the first date set for the meeting of creditors. Prior to the expiration of the time for filing, a creditor may seek an extension. Fed.R.Bankr.P. 4004(b).[3] If no extension is sought and if no objection is filed, the court must "forthwith" grant the discharge. Rule 4004(c).

Once a discharge has entered, a party-in-interest may obtain revocation of debtors' discharge pursuant to 11 U.S.C. § 727(d) which provides in part that the court

shall revoke a discharge ... if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge....

§ 727(d). A complaint to revoke discharge based on such grounds may be filed within

---

1. For this finding, the court takes judicial notice of the case file, Order dated November 16, 1990 (document 5), certification and service list.

2. Subsequent statutory references are to Title 11, United States Code.

3. Subsequent Rule references are to the Federal Rules of Bankruptcy Procedure.

one year after the discharge is granted. § 727(e)(1).

Plaintiffs' complaint, to the extent it is based solely upon grounds stated in § 727(a), is untimely. And because discharge has not yet entered, it appears also to be premature as an action grounded upon § 727(d)(1). It appears to be trapped in a void.

Courts have attempted in various ways to deal with the incongruity which arises when a complaint is untimely under the Rule and premature under the statute. *England v. Stevens (In re Stevens)*, 107 B.R. 702 (9th Cir. BAP 1989); *In re Dietz*, 94 B.R. 637 (9th Cir. BAP 1988); *In re Meo*, 84 B.R. 24, 28 (Bankr.M.D.Pa.1988); *In re Mufti*, 61 B.R. 514 (Bankr.C.D.Cal.1986); *In re Wilferth*, 57 B.R. 693 (Bankr. D.N.M.1986).

█ Having considered these cases, the undersigned concludes that it is fair to consider the plaintiffs' complaint to deny debtors' discharge under § 727(d)(1). Section § 727(d)(1) of the Code should be available to creditors to *prevent* discharge where discharge has not yet entered but where the time for objecting under Rule 4004(a) has expired. Meeting the requirements of § 727(a) will not alone be sufficient. To prevail, plaintiffs must be able to show "fraud in the procurement of the discharge and also that grounds existed which would have prevented the discharge had they been known and presented in time." *In re Meo*, 84 B.R. 24, 28 (Bankr. M.D.Pa.1988).

█ Where the wrongful conduct of the debtors was known or discoverable prior to the deadline established under Rule 4004(a), plaintiffs may not rely on § 727(d)(1). *In re Meo* at 28. Thus because plaintiffs object to debtors' discharge on the grounds of post-petition conduct, their complaint *may* still be tenable despite its untimely filing under Rule 4004(a).

### FAILURE TO PLEAD FRAUD WITH PARTICULARITY

█ Plaintiffs' complaint is vague as to its factual basis. It does not meet the particularity requirements of Rule 7009(b). The complaint merely tracks or paraphrases certain sections of § 727(a) as grounds for denial of discharge. The complaint does not allege particular acts by the debtors warranting denial of discharge, does not allege that the discharge was obtained through specific fraudulent conduct, or that the objecting party did not know of such fraud in time to file a complaint under Rule 4004(a).

The question next presented is whether this vagueness and lack of particularity warrants dismissal of the complaint; or instead should the court grant an opportunity to amend the complaint to meet the requirements of Rule 7009(b).

█ Rule 7015(a), as it incorporates Fed.R.Civ.P. 15, provides that leave to amend pleadings "shall be freely given when justice so requires." The court may exercise its discretion to permit repleading by plaintiffs to meet the requirements of Rule 7009(b). *Devaney v. Chester*, 813 F.2d 566, 569 (2nd Cir.1987). The court should not deny permission to replead absent justification. *Id.* at 569. Because the court concludes that the plaintiffs can prevail only under the grounds set out in § 727(d)(1) and because even if the court were to dismiss the complaint, the plaintiffs could refile within the statute of limitations provided in § 727(e), the defendants are not prejudiced by denial of their motion or the granting of leave to amend.

### CONCLUSIONS OF LAW

Although discharge has not yet entered, plaintiffs may prevent the entry of discharge by pleading and proving a claim for relief under 11 U.S.C. § 727(d)(1). Plaintiffs may not prevent discharge solely on the basis of § 727(a)(2), (3) or (4) because their complaint is untimely pursuant to Fed.R.Bankr.P. 4004(a). Plaintiffs should be granted leave to amend their complaint to meet the requirements of Fed. R.Bankr.P. 7009(b).

### ORDER

Defendants' motion to dismiss is denied. Plaintiffs shall have 14 days to amend the

complaint to meet the requirements of Fed. R.Bankr.P. 7009(b). Failure to amend will result in dismissal of the complaint without further notice or hearing.

SO ORDERED.