In re Donald E. JONES and Eileen V. Jones, Appellants,

v.

NCNB TEXAS, N.A., Appellee.

Civ. A. No. H–91–0658.

United States District Court, S.D.Texas, Houston Division.

Nov. 25, 1991.

R. Christopher Naylor, Devlin & Naylor, James C. Fogo, Thomas J. Perick, Andrews & Kurth, Katherine M. Shuman, Houston, Tex.

Miles O. Smith, Houston, Tex.

## ORDER ON APPEAL

HOYT, District Judge.

In this bankruptcy appeal, the appellants, Donald E. and Eileen Jones, seek de novo review of the bankruptcy court's adverse ruling on a motion for summary judgment. After considering the appeal, the record on file and the applicable law, the Court is of the opinion that the appellants' request for a de novo review should be denied and that the appellee's, NCNB Texas, N.A., summary judgment should be sustained.

## STATEMENT OF FACTS

On May 1, 1984, the appellants filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Subsequently, the Bankruptcy Court approved a settlement which provided that the appellants were to receive $130,000 in satisfaction of an insurance claim for property destroyed by a fire. Prior to approval of the settlement, NCNB filed a security interest in the insurance proceeds.

Under an agreement made during a disclosure statement hearing at the Bankruptcy Court in 1988, the insurance proceeds were used to purchase two certificates of deposit which were to be kept free of any encumbrances. However, in August 1989, Donald E. Jones used the CD's to guarantee two notes of $80,000 and $90,000 to Fidelity National Bank.

At a later disclosure statement hearing, the Bankruptcy Court entered a handwritten bench order specifically enjoining the appellants from encumbering the insurance proceeds, as well as $40,000 earned through the appellants' company, Houston Sea Packing.

By October 1989, the court converted the appellants' bankruptcy from a Chapter 11 to a Chapter 7 proceeding. NCNB and the trustee later discovered the existence of the Fidelity Notes. At a contempt hearing concerning Mr. Jones' conduct, the court made an express finding that the CD's were property of the appellants' estate and,

at least partially, subject to NCNB's security interests.

Thereafter, NCNB filed a complaint objecting to the order of discharge previously entered by the bankruptcy court.

## CONTENTION AND DISCUSSION

The appellants contend that (a) the time for filing objections to the discharge set by bankruptcy rule 4004 had expired during the pendency of the Chapter 11 proceeding, (b) the conversion of the bankruptcy proceeding from a Chapter 11 to a Chapter 7 did not extend the time within which NCNB was required to object, and (c) the appellants were already discharged when the alleged violations of the court order took place.

█ A district court review of the Bankruptcy Court's decision to grant summary judgment is a de novo consideration. *See Carriers Container Council, Inc. v. Mobil S.S. Assn., Inc.*, 896 F.2d 1330, 1337 (11th Cir.), *cert. denied,* — U.S..——, 111 S.Ct. 308, 112 L.Ed.2d 261 (1990). However, the rules governing the granting of a summary judgment remain the same. Accordingly, the party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record together with affidavits if any that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.1988). Rule 56(c) requires the district court to enter a summary judgment if the evidence favoring the nonmovant is not sufficient for a jury to enter a verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

█ The Court is of the opinion that the timeliness of NCNB's objections to the discharge of the appellant-debtors is essentially irrelevant. The appellants contend that NCNB should be held to a strict application of rule 4004, yet the information necessary to trigger a rule 4004 complaint was discovered only after the appellants' Chapter 11 proceeding was converted to a Chapter 7 proceeding in September of 1989.

█ In the Court's view, relief sought because of a violation of a Title 11 U.S.C. § 727(a)(4) and (a)(5), would not be suspended by a waiver or a technical bar that might otherwise prevent such a request for relief. Section 727 provides relief to creditors when a debtor has defrauded a creditor, or has knowingly made a false account, or has intentionally misled the Court. *See In re Stevens,* 107 B.R. 702, 706 (9th Cir. BAP 1989). *In re Dietz,* 94 B.R. 637, 639 (9th Cir. BAP 1988). Moreover, an objection to the bar date is tolled where any ground for objection is fraudulently concealed. *In re Mufti,* 61 B.R. 514, 519 (Bankr.C.D.Cal.1986).

█ The evidence shows that the appellants violated § 727 by encumbering assets held pursuant to orders of the bankruptcy court and in violation of the its explicit directive. Section 727(a)(6) provides that discharge should be denied if a debtor refuses to obey a lawful order of the court. Clearly, the appellants failed to disclose that they had already encumbered the certificates of deposit while assuring the court that no encumbrances existed.

This Court concludes that the appellants are not entitled to a discharge because they knowingly violated the terms of the orders entered by the bankruptcy court when they pledged the insurance proceeds and the income from Houston Sea Packing to Fidelity.

Based upon the foregoing reasoning, the decision of the bankruptcy trial court is AFFIRMED.

It is so ORDERED.