See also 250 B.R. 59.

In re Barry Steve ASBURY, Debtor.

Stephen M. Wright, Stephen M. Wright, CPA, P.A., Plaintiffs,

v.

Barry Steve Asbury, Defendant.

Bankruptcy No. 91–5–2706–JS.
Adversary No. 92–5257–JS.

United States Bankruptcy Court, D. Maryland.

March 10, 2000.

*ORDER DENYING MOTIONS TO ALTER, AMEND OR VACATE ORDER DISMISSING COMPLAINT WITH PREJUDICE, MOTION FOR NEW TRIAL AND MOTION TO REVOKE AND/OR STRIKE DISCHARGE OF DEBTOR*

JAMES F. SCHNEIDER, Bankruptcy Judge.

On remand from the U.S. District Court, the instant complaint to determine dischargeability was dismissed for a second time by memorandum opinion and order [PP. 54 and 55] dated March 31, 1998. The unsuccessful plaintiffs, Stephen M. Wright and Stephen M. Wright, CPA, P.A., filed motions to alter, amend or vacate the order dismissing complaint with prejudice, a motion for new trial and a motion to revoke and/or strike discharge of debtor. For the following reasons, the motions will be denied.

*MOTIONS TO ALTER, AMEND OR VACATE ORDER DISMISSING COMPLAINT WITH PREJUDICE*

The instant complaint to determine dischargeability of debt was dismissed by memorandum opinion and order [PP. 54 and 55] dated March 31, 1998. Although the complaint indicated on its face that it was brought pursuant to 11 U.S.C. § 523 to determine the dischargeability of a debt,

the proof adduced in support of the complaint related to the complete denial of a discharge in bankruptcy pursuant to 11 U.S.C. § 727. Finding that it was past the deadline to bring a complaint objecting to discharge, and that the debtor had been properly granted a discharge pending the trial of the complaint to determine dischargeability of a single debt, the Court dismissed the plaintiff's case on remand. The most important determination made by the opinion was that the amendment of the complaint at trial was futile because of the long-expired deadline for filing complaints objecting to discharge and the fact that a discharge had been granted. The debtor/defendant would obviously be prejudiced by such an amendment, especially because he was without counsel. Although they were represented by counsel, the plaintiffs consistently failed to properly amend the complaint until it was too late to do so. Their undue delay in amending the complaint *after trial* could not be permitted. Because the plaintiffs' motions to alter, amend or vacate the order dismissing complaint contain no relevant information to justify the granting of the requested relief that was not available or known to them at the time the complaint was dismissed, and because the Bankruptcy Code provides no basis to permit the plaintiff to amend the complaint to set forth a distinctly different cause of action which was time-barred by the date of trial, the motions will be DENIED.

## MOTION FOR NEW TRIAL

The plaintiffs have set forth no reasonable grounds for granting them a new trial in this matter, consistent with the requirements of Federal Rule of Civil Procedure 60(b). Accordingly, the motion for new trial will be DENIED.

## MOTION TO REVOKE AND/OR STRIKE DISCHARGE OF DEBTOR

 Because the evidence produced by the plaintiffs related solely to the denial of discharge, as opposed to the determination of the dischargeability of the plaintiffs' debts, the complaint was dismissed with prejudice. The granting of a discharge is incompatible with a pending complaint to completely deny a discharge. Therefore, a complaint objecting to discharge may not be maintained after a discharge has been granted, **without first seeking to strike the discharge if the Code permits.** 11 U.S.C. § 727(d).*

In this case, the Bankruptcy Code provides no basis for the plaintiff to strike the debtor's discharge or to amend the complaint to set forth a distinctly different cause of action which was time-barred by the date of trial. Accordingly, the motion to strike discharge will be DENIED.

SO ORDERED.

---

* See also *Ross v. Mitchell (In re Dietz)*, 914 F.2d 161, 163 (9th Cir.1990)(Section 727(d) has been interpreted to require that the party requesting revocation of a debtor's discharge must have learned of the debtor's fraud after the discharge has been granted); *England v. Stevens (In re Stevens)*, 107 B.R. 702, 706 (9th Cir. BAP 1989) (once a discharge is entered, a party may properly seek revocation of the debtor's discharge for conduct which occurred before the Rule 4004(a) period expired, and of which the party did not have knowledge in time to file a timely complaint, or for conduct occurring after the deadline set by Rule 4004(a)); *In re Emery*, 201 B.R. 37 (E.D.N.Y.1996)(the Bankruptcy Code allows the court to revoke a debtor's discharge if the following criteria have been satisfied: debtor obtained a discharge through fraud, the creditor had no knowledge of the fraud before the granting of the discharge; and the fraud, if known, would have resulted in a denial of the discharge), *aff'd, In re Emery*, 132 F.3d 892 (2nd Cir.1998); *In re Staub*, 208 B.R. 602 (Bankr.S.D.Ga.1997) (creditor's knowledge of debtor's fraud before the bar date for filing complaints objecting to discharge would not be imputed to the U.S. Trustee so as to bar the U.S. Trustee from filing a complaint to revoke the debtor's discharge); *In re Ratka*, 133 B.R. 480 (Bankr.N.D.Iowa 1991) (in addition to the statutory requirements for denying discharge, creditors were required to show fraud in procurement of the discharge and that grounds existed which would have prevented discharge had they known and presented in time).